IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOMMY LEE KENNEDY,                )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    No. 04 C 2445
                                  )
SGT. KRAUSKOPF, #895, et al.,     )
                                  )
            Defendants.           )

## MEMORANDUM ORDER

In conjunction with their joint Answer to the Amended Complaint ("AC") in the action brought against them by Tommy Lee Kennedy ("Kennedy") under the auspices of 42 U.S.C. §1983,[1] the defendants have advanced, as their first Affirmative Defense ("AD"), Kennedy's asserted failure to exhaust his administrative remedies as required by Section 1997e(a). Although that assertion does not properly qualify as an AD within the meaning of Fed. R. Civ. P. 8(c) and the applicable caselaw (in that respect, see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)),[2] in a way the highlighting of the issue in that fashion has prompted the issuance of this memorandum order.

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] Kennedy's AC ¶38 alleges that he has exhausted his administrative remedies, so that defendants' denial of that allegation in their Answer has placed that at issue. By definition that denial confirms that the purported AD has not--as it must--accept Kennedy's allegations as true.

As Section 1997e(a) makes clear, the exhaustion of administrative remedies by a prisoner plaintiff is a precondition to his or her institution of a lawsuit that invokes Section 1983. And because that issue poses a question of subject matter jurisdiction, it is this Court's clear obligation to require that it be addressed at the outset (see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986)).

Accordingly defendants are ordered to file in this Court's chambers on or before April 28, 2005 (with a copy being delivered contemporaneously to Kennedy's counsel) an appropriate filing that fleshes out their contention as to the claimed nonexhaustion of administrative remedies. This Court will then determine what further procedures may be necessary to deal with that subject.

                                                   _/s/ Milton I. Shadur_
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: April 14, 2005